### HALL *v.* YOUCHE.

[No. 27,011. Filed March 23, 1938. Rehearing denied April 27, 1938.]

*Galvin, Galvin & Leeney,* for appellant.

*Willard B. Van Horne, Winslow Van Horne* and *Willard B. Van Horne, Jr.,* for appellee.

HUGHES, J.—This was an action by the appellant to quiet title to real estate. Judgment was rendered in his favor on December 20, 1932, and on May 29, 1935, the

appellee, claiming to have been a defendant and served by publication, filed a petition to open the judgment quieting title.

In the petition to open the judgment the appellee stated that he was a resident of the city of Crown Point, Indiana, and had been for many years; that the appellant on the 23rd day of April, 1932, filed an action to quiet title to said real estate in Hammond, Lake County, Indiana, and in his complaint named as defendants Citizens Trust and Savings Bank as Trustee, Michael Kodaciak, liquidating agent of Citizens Trust and Savings Bank, and all unknown holder or holders, owner or owners of notes, bonds or other evidence of debt secured by certain mortgage dated February 23rd, 1928, payable to the Citizens Trust and Savings Bank of East Chicago, Indiana, as Trustee, executed by Hargis & Moore Company mortgaging and warranting the real estate involved in this action. That the appellant in said cause secured service of summons upon the Citizens Trust and Savings Bank as Trustee and personal service upon the other defendants and filed an affidavit on the 23rd day of April, 1932, that there are holders and owners of notes, bonds and other evidence of debt secured by the aforesaid mortgage.

The appellee Youche further stated in the petition that at the time of the filing of said complaint, affidavit of non-residence and publication of non-residence notice for the unknown owner or owners of the mortgage, that the petitioner was the sole owner of all the note or evidence of indebtedness secured by said mortgage and was living in Crown Point, Lake County, Indiana, and that the appellant at the time of the filing of his complaint, publication of said notice, and taking of said decree knew that the appellee, Julian H. Youche, was the owner of the indebtedness secured by said mortgage. That on December 20th, 1932, the appellant obtained a

judgment and decree quieting title to said real estate against the Trustee under said mortgage and the unknown holder of the indebtedness secured by the mortgage; and that at the time of the taking of said judgment the said appellant knew that the mortgage described in the complaint was a good, valid and subsisting mortgage lien against said mortgage real estate. That the appellant obtained title of said real estate by warranty deed from Hargis & Moore Company by deed dated July 26, 1928, and in said deed it was provided that the same was given subject to a certain mortgage for the sum of Three Thousand ($3,000.00) dollars which the grantee assumed and agreed to pay as a part of the consideration of the deed; that the only notice given the appellee as holder of the mortgage bond or note was by publication in a newspaper to the unknown owner or holder of said mortgage, bond or indebtedness; that appellee received no actual notice in time to appear in court and object to said judgment; that he was a resident of the County of Lake at that time and the sole owner of said mortgage bond or note and the appellant knew that appellee was the owner thereof and that he could have been easily located in the city of Crown Point. That Hargis & Moore Company was in the hands of a receiver and that the records of said company showed that petitioner Youche was the owner of said indebtedness.

The petitioner further states that judgment was obtained by fraud; that the appellant alleged that the claims of said defendants were unfounded and without right, when in truth and in fact the appellant knew there was a valid and subsisting mortgage against said real estate and furthermore he had personally assumed and agreed to pay the same and that his action to quiet title was an attempt to avoid payment of an honest debt and lien against his real estate. The petitioner, ap-

pellee here, asks that said judgment to quiet title be opened and that he be allowed to defend said cause of action.

A demurrer by the appellant was filed to the petition which was overruled and the appellee was permitted to file answer. He filed two paragraphs of answer, one a general denial, and the other an affirmative paragraph setting out the facts and asking that the mortgage be declared a valid and subsisting lien against the real estate. To the second paragraph of answer the appellant filed answer in general denial. On these pleadings a trial was had. Judgment was rendered by the court in favor of the appellee establishing a lien upon the real estate in question in his behalf. This judgment was rendered on February 11, 1936, and on March 10, 1936, the appellant filed a motion for a new trial. On July 3rd, 1936, the court overruled appellant's motion for a new trial and from this judgment this appeal was taken. On the —— day of December, 1936, the appellee Julian H. Youche filed a motion to dismiss this appeal. In the motion it was alleged that the judgment from which this appeal was taken was an action to quiet title by the appellant wherein the court found for the appellee and that the court found that the appellee was the owner of a mortgage bond or note in the principal sum of Three Thousand ($3,000.00) Dollars secured by mortgage upon the real estate involved and described as lot 14 in block 6 in Hyde Park addition to the city of Hammond, Lake County, Indiana, and that said mortgage was a valid and subsisting lien to said owner prior to the lien and claim of the appellant.

It was further alleged that the only question determined in said Lake Superior Court in this action as between the appellant and appellee was as to the validity of certain interest of said appellee in said note and mortgage. That upon the 22nd day of May, 1936, the

appellee filed in Room 2 of the Lake Superior Court his complaint against the appellant in which complaint appellee alleged the disqualification of said Citizens Trust and Savings Bank, trustee named in said mortgage, and prayed that a new trustee be appointed. A trial was had thereon and on the 7th day of June, 1936, the court rendered judgment appointing one Edward C. Glover as trustee under said mortgage in place and stead of said Citizens Trust and Savings Bank, from which judgment no appeal or other proceedings for a review have been taken, instituted or commenced.

That thereafter on the 7th day of June, 1936, the said Glover filed his complaint against the appellant, his wife, Gertrude Hall, and appellant's grantee, Verla Donkle, and the unknown spouse of the said Verla Donkle and others for the foreclosure of said mortgage for and on behalf of appellee. That said defendants appeared thereto and the cause was venued to the Jasper Circuit Court, and, thereafter, on the 25th of May, 1936, in the said Jasper Circuit Court, a judgment and order foreclosing said mortgage was entered and rendered in said court in favor of the appellee, Youche. That thereafter pursuant to an order of sale duly executed to him by the clerk of said Jasper Circuit Court in said cause, the sheriff of Lake County duly advertised said real estate for sale and did sell the same pursuant to law upon the 21st day of July, 1936, to Julian H. Youche, at and for the sum of $3,000.00 and executed his certificate of sale to said purchaser.

It is further alleged in said petition that on October 15th, 1932, the appellant by quit claim deed conveyed the real estate described to one Verla Donkle and has not since held title thereto. The appellee asks that the cause be dismissed upon each of the following grounds, to wit: 1. That the appellant does not have an appeal-

able interest in the cause; (2) that the questions and issues presented by this appeal are moot; (3) that the court cannot grant effectual relief.

On the 17th day of August, 1937, the appellee filed a supplemental motion to dismiss the appeal in which he alleged that since the filing of the original motion to dismiss that on the 20th day of June, 1937, in the action of foreclosure in the Jasper Circuit Court said court entered an order overruling the motion of appellant and others for a new trial and that no proceedings for an appeal from the judgment in said cause have been taken and that the time for appealing the judgment in said cause has elapsed.

It is further alleged that the certificate of purchase of the real estate issued by the sheriff of Lake County to the appellee by virtue of appellee's purchase of said real estate at sheriff's sale under and by virtue of the judgment was by the appellee assigned to one Azalie P. Youche, and on the 23rd day of July, 1937, she received from the said sheriff of Lake County a sheriff's deed of and to said real estate as heretofore described, which deed was issued by virtue of the certificate of purchase above described; that by virtue of the facts herein and in said original motion to dismiss, said Azalie P. Youche, as assignee of this appellee, has complete title in fee simple to said real estate which cannot in any way be affected by affirmance, reversal, or other disposition of this appeal and for this reason the appeal is moot and the court cannot grant any effective relief in the appeal.

The appellee also filed an affidavit on February 18th, 1938, in support of appellee's supplemental motion that Verla Donkle, defendant in said suit to foreclose said mortgage in the Jasper Circuit Court took no appeal from said judgment of foreclosure, has assigned no errors in regard thereto either in the Appellate Court of Indiana, or in the Supreme Court of Indiana, and

that the time for said Verla Donkle to take an appeal has long since expired.

The supplemental affidavit filed by appellee on August 17, 1937, shows that the motion for a new trial in the foreclosure proceedings had in the Jasper Circuit Court was overruled on January 20th, 1937, and no appeal had been taken as of August 17th, 1937, more than two hundred days after the motion for a new trial was overruled. The only question adjudicated in the present appeal was the validity of the mortgage lien of appellee on the real estate involved. This question was decided in favor of the appellee in the lower court. The same question was necessarily involved in the foreclosure proceedings had in the Jasper Circuit Court wherein a judgment was rendered decreeing a foreclosure of the mortgage and finding that appellee, Julian H. Youche, was the owner of the note and mortgage and that there was due him the sum of $4,876.00. The real estate has been sold under the terms of the decree of foreclosure and as heretofore stated no appeal was ever taken in the foreclosure proceedings and it is now too late to appeal. As the questions involved in the instant action have been conclusively adjudicated in the foreclosure proceedings against the appellant and his grantee, it seems clear that the present appeal is moot. An affirmance or reversal of the present action would be useless; no effectual relief could be given. The rights of the parties were adjudicated in the foreclosure proceedings and no appeal has or can now be taken in that proceeding.

The appeal is dismissed.

### ON PETITION FOR REHEARING.

HUGHES, J.—The appellant has filed a petition for a rehearing in this case wherein an opinion was given on March 23, 1938. It is stated in the petition that the reason given in the opinion dismissing the appeal was

based upon a false affidavit of appellee. The affidavit referred to was considered by the court as one of the reasons for dismissing the appeal. The appellant filed a counter affidavit, but through the oversight of the writer of the opinion it was overlooked. It was no fault of the appellee or his attorneys that the error was committed.

However, disregarding the affidavit of the appellee, we are still of the opinion that the appeal should be dismissed. As shown in the opinion, the appellant on October 15, 1932, conveyed the real estate in question to one Verla Donkle and has had no interest in said real estate since that time. At the time, May 25, 1936, suit to foreclose the mortgage was filed and at the time of judgment of foreclosure the appellant had no interest in said real estate. The real party in interest was Verla Donkle, owner of the real estate; she has taken no appeal from the judgment of foreclosure and has assigned no errors in regard thereto and it is now too late for her to take an appeal. The real estate has been sold under the terms of the decree of foreclosure proceedings and no effectual relief could be given in the affirmance or reversal of this case.

Petition for rehearing is denied.